| AOC-105          Doc. Code: CI | | Case No. | 11-CI-00786 |
| Rev. 12-01 | | Court | [✓ Circuit [ ] District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | **CIVIL SUMMONS** | County | Floyd |
| Court of Justice | | | |
| CR 4.02; CR Official Form 1 | | | |

Melissa Ashley Moore                                                    **PLAINTIFF**

RECEIVED JUL 20 2011

VS.

Highlands Hospital Corporation;                                        **DEFENDANT**
Consolidated Health Systems, Inc.;
Terresa O. Booher;
Cathie J. King; and
Jane Doe
**Service of Process Agent for Defendant:**

Harold C. Warman,   Highlands Hospital Corporation
5000 KY Route 321
P.O. Box 668
Prestonsburg, KY 41653

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

    You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____7 - 19, 2011_____          Douglas Ray Hall          Clerk

                                        By: _____C. Hunter_____          D.C.

---

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                    Served by: _____

                                        _____ Title

**EXHIBIT**
A

Page 1 of 1

| AOC-105          Doc. Code: CI | | Case No. | 11·CI-00786 |
| Rev. 12-01 | | Court | [✓] Circuit [ ] District |
| Page 1 of 1 | **CIVIL SUMMONS** | County | Floyd |
| Commonwealth of Kentucky | | | |
| Court of Justice | | | |
| CR 4.02; CR Official Form 1 | | | |

Melissa Ashley Moore                                    **PLAINTIFF**

RECEIVED
JUL 20 20**

                                                                        **DEFENDANT**

VS.

Highlands Hospital Corporation;
Consolidated Health Systems, Inc.;
Terresa O. Booher;
Cathie J. King; and
Jane Doe

**Service of Process Agent for Defendant:**

Harold C. Warman, Consolidated Health Systems, Inc.
5000 KY Route 321
P.O. Box 668
Prestonsburg, KY  41653

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

        You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___7-19___, 2011          Douglas Ray Hall  Clerk

                                By: ___C Hunter___  D.C.

| **Proof of Service** |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____.           Served by: _____ |
| _____Title |

| AOC-105<br>Rev. 12-01<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; CR Official Form 1 | Doc. Code: CI<br><br><br>**CIVIL SUMMONS** | Case No. 11-CI-00786<br>Court [✓] Circuit [ ] District<br>County _Floyd_ |
|---|---|---|

Melissa Ashley Moore

**PLAINTIFF**

VS.

Highlands Hospital Corporation;
Consolidated Health Systems, ~~Inc~~;
Terresa O. Booher;
Cathie J. King;
and
Jane Doe

RECEIVED
JUL 20 2011

**DEFENDANT**

**Service of Process Agent for Defendant:**

Terresa O. Booher RN, MSN
5000 KY Route 321
P.O. Box 668
Prestonsburg, KY 41653

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _7-19_, 2 011

_Douglas Ray Hall_ Clerk

By: _J. Hunter_ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105          Doc. Code: CI | | Case No. _11-CI-00786_ |
| Rev. 12-01 | | Court   [✓] Circuit [ ] District |
| Page 1 of 1 | | County   _Floyd_ |
| Commonwealth of Kentucky | | |
| Court of Justice | **CIVIL SUMMONS** | |
| CR 4.02; CR Official Form 1 | | |

Melissa Ashley Moore

**PLAINTIFF**

VS.
Highlands Hospital Corporation;
Consolidated Health Systems, Inc.;
Terresa O. Booher;
Cathie J. King;
and
Jane Doe

**DEFENDANT**

**Service of Process Agent for Defendant:**
Cathie J. King RN, BSN
5000 KY Route 321
P.O. Box 668
Prestonsburg, KY 41653

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___7-19___, 2011          _Douglas Ray Hall_ Clerk

By: ___C Hunter___ D.C.

---

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION NO.: _____
CA NO.: _____

MELISSA ASHLEY MOORE                                          PLAINTIFF
201 Zion Church Road
Hindman, KY  41822

VS.

HIGHLANDS HOSPITAL CORPORATION
SERVE:        Harold C. Warman
              5000 KY Route 321
              P.O. Box 668
              Prestonsburg, KY 41653;

CONSOLIDATED HEALTH SYSTEMS, INC.
SERVE:        Harold C. Warman
              5000 KY Route 321
              P.O. Box 668
              Prestonsburg, KY 41653;

TERRESA O. BOOHER
SERVE:        Terresa O. Booher RN, MSN
              5000 KY Route 321
              P.O. Box 668
              Prestonsburg, KY 41653;

CATHIE J. KING
SERVE:        Cathie J. King RN, BSN
              5000 KY Route 321
              P.O. Box 668
              Prestonsburg, KY 41653

and

JANE DOE                                                     DEFENDANTS

---

## VERIFIED COMPLAINT

        Comes now the Plaintiff, by and through counsel, and for her cause of

action states as follows:

1

## COUNT I
## RETALIATION, FREEDOM OF SPEECH

1.     The Plaintiff is a resident of Kentucky and was a former nurse at Highlands Regional Medical Center.

2.     That the Defendant Highlands Hospital Corporation at all times herein was the Plaintiff's employer.

3.     That at all times herein the Defendant Consolidated Health Systems operated Highlands Hospital.

4.     As part of her duties as a staff nurse and Unit Shift Supervisor at Highlands Regional Medical Center, she made complaints about patient-to-nurse ratio that affected patient safety.

5.     That the Plaintiff was very interested in this subject and started her own Cause on Facebook that had close to 35,000 members as of August 2010.

6.     The theme of the Cause was to advocate for lowering the patient/nurse ratio for the safety of patients and was called "Nurses for lower patient-to-nurse ratios".

7.     That on or about July 22, 2010, at approximately 5:30 p.m. in the afternoon, Terresa Booher, a Vice President of Patient Care Services, directed the Plaintiff to come to Room 418.

8.     That at all times herein Terresa Booher was acting as an agent and employee of Highlands Hospital within the scope of her authority.

9.     The Plaintiff was told at that time that comments that she was making on her Facebook Cause would reflect on the Hospital.

2

10.     Plaintiff was also accused of encouraging other nurses to become members of National Nurses United and was told that encouraged a union.

11.     Plaintiff was told among other things that she should think about her behavior and that what she did and said even when she wasn't at work reflected on the Hospital.

12.     That the Plaintiff reasonably believed she could be terminated from employment because of this meeting with Terresa Booher and deleted her Cause in August 2010 for fear of termination.

13.     The Plaintiff was ultimately terminated from the Hospital for other invalid reasons, used as a pretext. See attached finding from Workforce Development.

14.     That the Hospital directly retaliated against the Plaintiff for advocating lower nurse/patient ratios and/or association with National Nurses United.

15.     That the Defendants' actions were in violation of the Plaintiff's rights under the Kentucky Constitution, § 1, including the right of freely communicating her thoughts and opinions.

16.     That the Plaintiff was terminated on a pretext of poor customer service but was given not one single example of poor customer service. See termination letter attached hereto.

17.     That the Plaintiff was terminated on other pretexts including not attending a meeting on her day off that other nurses also did not attend and refusing to sign a statement she would do better when they did not give her one example of anything she needed to do better.

3

18.     That as a direct and proximate cause of the Defendants' wrongful conduct, the Plaintiff has lost earning capacity; she was forced to use her entire 401K savings to keep from losing everything she had; it has affected her credentials and abilities to seek future employment; it is on her record as a termination that hurts her ability to succeed in her profession; and it has caused great mental anguish and suffering.

<u>COUNT II</u>
<u>FALSE STATEMENT, SLANDER</u>

19.     The Plaintiff restates each and every allegation contained herein as if fully set out.

20.     That at all times Cathie King was an agent and employee of Highlands Hospital and acting within her authority.

21.     That Cathie King was the Plaintiff's direct supervisor at Highlands Regional Medical Center, acting within the scope of her authority.

22.     That Cathie King falsely accused the Plaintiff under oath of throwing a letter across the desk at her on December 22, 2010.

23.     That this false statement was published and made as part of the grounds for the Plaintiff's termination.

24.     That King asked the Plaintiff if she could give her information on one of the other employees, a Union Representative, or any other employees, that could be used as part of disciplinary action or termination of those employees.

4

25.    That the conduct of Defendant King was a factor in the Plaintiff's termination of employment.

26.    That as the direct and proximate cause of the Defendant's wrongful conduct, the Plaintiff has lost earnings, will have lost earnings in the future due to this being on her record, she has been forced to use her entire 401K savings to keep from losing everything she had, and has suffered great mental anguish.

COUNT III
PRIVACY AND FREEDOM OF SPEECH

27.    The Plaintiff restates each and every allegation contained herein as if fully set out.

28.    That the Plaintiff is entitled to privacy.

29.    That just because she worked at Highlands Regional Medical Center does not entitle them to hack and/or monitor her personal communications on Facebook and Facebook Cause.

30.    That by spying on the Plaintiff and monitoring her Facebook account, they have invaded her privacy and deprived her of her rights as set out in the Kentucky Constitution, § 1, of life, liberty and free speech..

31.    That as a direct and proximate cause of the Defendants' wrongful conduct, the Plaintiff has been caused great mental anguish, has lost income, has been forced to use her entire 401K savings to keep from losing everything she had, and will have lost income in the future.

## COUNT IV

32.     The Plaintiff restates each and every allegation contained herein as if fully set out.

33.     That the Plaintiff filed complaints with her employer concerning the high and unreasonable patient/nurse ratio.

34.     The patient/nurse ratio directly effects patient safety.

35.     That the Hospital and Consolidated violated KRS 216B.165.

36.     That the Plaintiff was discharged by the Defendants Consolidated Health Systems and Highlands Hospital for the exercise of a right conferred by statute.

37.     That as the direct and proximate cause of the Defendants' conduct, the Plaintiff has been and continues to be harmed, suffered great mental anguish, lost income, and damages to her credentials and reputation.

38.     That as the direct and proximate cause of the Defendants' retaliation, the Plaintiff suffered emotional distress, was fired from her job which was horrible and depressing, was unable to find other employment in her field, was forced to go on food stamps, has caused great distress to her family and disabled grandchild, all of which caused humiliation, embarrassment, disappointment and other forms of mental anguish resulting from the retaliation and wrongful discharge.

39.     That the Defendants engaged in a pattern of conduct that was intentional and outrageous and/or illegal.

40.     That the Plaintiff is entitled to Punitive Damages.

## COUNT V

41.    The Plaintiff restates each and every allegation contained herein as if fully set out.

42.    That at all times the individual Defendants were acting as employees and agents of Highlands Hospital and Consolidated Health Care and are liable under the theory of Respondeat Superior.


WHEREFORE, the Plaintiff asks for a Trial by Jury, such reasonable damages as she may appear entitled, for lost earnings past and future, mental anguish, punitive damages, damages to her credentials or reputation, and such other relief that she may appear herein entitled.

Respectfully submitted,


BOBBY ROWE, ESQ.
1507 US Hwy 23 North
P.O. Box 1330
Prestonsburg, KY 41653
Phone: (606) 886-6876
Fax: (606) 886-6738

EARL M. MCGUIRE, ESQ.
132 South Lake Drive, Suite 203
P.O. Box 1746
Prestonsburg, KY 41653
Phone and Fax: (606) 886-2201
Co-Counsel for Plaintiff


The foregoing is true to the best of my knowledge and belief.

MELISSA ASHLEY MOORE

7

AD# 11-01711 A
SS# 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

Education and Workforce Development Cabinet
Office of Employment and Training
Division of Unemployment Insurance-Appeals Branch
275 East Main Street 2-EB
Frankfort KY 40621-0001



LO# 68
Mailed 07-01-11

REFEREE DECISION

| APPELLANT | APPELLEE |
|---|---|
| MELISSA MOORE | HIGHLANDS REGIONAL MED |
| 201 ZION CHURCH ROAD | CENTER |
| HINDMAN KY 41822 | 5000 HY HWY 321 |
|  | PRESTONBURG KY 41653 |

| CLAIM FILED | APPEAL FILED | DATE OF HEARING |
|---|---|---|
| 12-26-10 | 01-31-11 | 03-07-11, 06-29-11 |

**STATEMENT OF THE CASE:** The claimant appealed from a determination dated January 18, 2011, which held that the discharge was for misconduct connected with the work. Claimant was disqualified from receiving benefits from December 18, 2011, until the worker has worked in each of ten (10) weeks, whether or not consecutive, and has earned ten (10) times the weekly benefit rate in covered employment. The employer is a reimbursing employer.

**ISSUE:** Whether claimant was discharged for misconduct or dishonesty or claimant voluntarily quit without good cause.

**APPEARANCES:** First Session: Claimant and her attorney, Earl McGuire. Appearing for the employer were Tamara Clark, Director of Human Resources, and Attorney William Becker. Appearing as witnesses for the employer were Cathy King, Interim Director, Deidre Hackworth, Director of Education, and Terry Boher, Vice President of Patient Care Services. Second Session: Claimant and her attorney, Earl McGuire. Appearing for the employer were Tamara Clark, Director of Human Resources, and Attorney William Becker. Appearing as a witness for the employer was Terry Boher, Vice President of Patient Care Services

**FINDINGS OF FACT:** Claimant began working for the captioned employer on October 3, 2006. She was last employed full time as a unit shift supervisor earning $25.25 per hour. Claimant's jobsite was located in Prestonsburg, Floyd County, Kentucky. Claimant last worked on December 21, 2010. On December 28, 2010, claimant was discharged by Cathy King, Interim Director, for allegedly providing substandard customer service.

In August of 2010, one of claimant's co-workers created an event page on the Facebook website. The page was about a show on the Animal Planet channel that one the employer's doctors was appearing on. The show was about treating patients with parasites. Before the showed aired, on the page, someone made the comment referring to the patients as "animals." Claimant jokingly responded. One of the patients who was to appear on the show with the doctor saw the comments. She became upset and sent claimant a personal message. They communicated back and forth about the comments.

On an unknown date, the patient reported the incident to the employer. As a result, claimant was placed on a three (3) day suspension.

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
PAGE TWO

On December 8, 2010, Ms. King had a meeting with claimant. She spoke with claimant about participating in educational and leadership training, which was being offered to all of the shift leaders. The training was to begin on December 14, 2011. During this meeting, they discussed areas in which claimant could make improvements, such as less sitting at the desk and claimant increasing her rounding of the patients.

Immediately following this meeting, there was a staff meeting. Ms. King believed claimant displayed a "poor" attitude. During the meeting, claimant made the statement "I guess I'm just a bad nurse." Claimant jokingly made the comment because she was being sarcastic.

Later that day, claimant spoke again with Ms. King. She expressed to Ms. King that if management felt as if she were not doing a good job in her supervisory position, then she should be moved into a regular nursing position. This comment was due to claimant feeling that Ms. King was harsh and mean to her during their previous meeting.

On December 14, 2010, Ms. King met with claimant about her suggestion to change job positions. It was agreed that she would continue in her current position. Ms. King's testimony is that claimant informed her that she would attend the training session that was to occur that night. However, claimant did not plan to attend the session because she was off from work that day and had already attended a separate training session that morning. Furthermore, she had to care for her children and grandchild.

On December 22, 2010, Ms. King met with claimant. Ms. King had prepared a commitment letter for each of the shift supervisors to sign indicating that they would attend the training sessions they had previously discussed. Upon being presented the letter, claimant refused to sign it. Claimant took issue with attending the classes because she would have to attend the classes on her day off and she would be starting graduate school in the near future. She asked Ms. King to reconsider removing her from her supervisory position.

During the meeting, Ms. King also informed claimant that she would be placed on a performance improvement plan. The areas she was asked to immediately improve were customer service, relationships, attitudes and performing teamwork and leadership. Claimant also refused to sign the performance improvement plan because she did not agree that there were any performance issues which would require her to make improvement. Other than the incident which occurred in August of 2010, the employer did not present testimony about any other customer service or work performance issues.

As a result, claimant was discharged from her employment.

DECISION: The determination is reversed. The employer discharged claimant for reasons other than misconduct connected with the work and claimant is not disqualified. Benefits paid, must be reimbursed by the employer.

REASONS: KRS 341.370(1)(b) disqualifies a worker from benefits from the date of disqualification and until the worker has worked in each of ten (10) weeks, whether or not consecutive, and has earned ten (10) times the weekly benefit amount that follows discharge for misconduct connected with the work.

KRS 341.370(6) "Discharge for misconduct" as used in this section shall include, but not be limited to, separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge; knowing violation of a reasonable and uniformly enforced rule of an employer; unsatisfactory attendance if the worker cannot show good cause for absences or tardiness; damaging the employer's property through gross negligence; refusing to obey reasonable instructions; reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during working hours; conduct endangering safety of self or co-workers; and incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction, which results in missing at least five (5) days work.

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
PAGE THREE

The examples of misconduct set forth in KRS 341.370(6) are not an all-inclusive list. When the examples do not apply, the Division relies on the time honored definition of misconduct found in a Wisconsin case, Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941):

> ". . .the term 'misconduct'. . .is limited to conduct evincing such willful or wanton disregard of an employer's interest as found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employees, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer. On the other hand, mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not deemed 'misconduct' within the meaning of the statute." (Emphasis added).

An employer alleging misconduct to defeat recovery of a claim has the burden of proof by a preponderance of credible evidence. Brown Hotel v. Edwards, 365 S.W.2d 299 (Ky. 1962)

In this case, claimant was discharged for allegedly providing substandard customer service. The employer made this determination based on claimant's refusal to sign the commitment letter and performance improvement plan. Other than the incident that occurred in August of 2010, which claimant was disciplined for, the employer did not provide any testimony regarding incidents which demonstrated claimant needed to be placed on a performance improvement plan. There is nothing on the record which indicates claimant provided poor customer service or had any performance issues. Absent such proof, claimant's refusal to sign the document, which required immediate improvement, was not unreasonable.

Furthermore, it was unreasonable to require claimant to commit to attend training courses outside of work hours. Based on this it cannot be determined that claimant's actions rose to the level of work related misconduct.

The employer has failed to meet its burden of proof, as required by BROWN HOTEL, supra. Therefore it is held that claimant was discharged for reasons other than misconduct connected with the work and is not disqualified.

KRS 341.281(1) Each nonprofit organization that has elected to make payments in lieu of contributions, shall pay to the Cabinet for the fund the amount of regular benefits that are attributable to service performed in covered employment.

J. Sweeney
_____
T. Sweeney
UI Appeals Referee I

COPY TO: APPELLANT & APPELLEE
           BENEFIT PAYMENT CONTROL
           HON EARL MCQUIRE
           HON WILLIAM BECKER

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
PAGE FOUR

NOTE: A party adversely affected by this decision may appeal to the Unemployment Insurance Commission. The appeal must be in writing clearly stating the intention to appeal and delivered to a representative of the Division or mailed and postmarked within fifteen (15) days of the mailing date of this decision to the Kentucky Unemployment Insurance Commission, 275 East Main Street 2-WF, Frankfort, Kentucky 40621. KRS 341.420. The mark made by a privately held postage meter shall not be considered in determining the date of receipt. *YOU MAY ALSO FILE YOUR APPEAL TO THE COMMISSION BY E-MAIL AT THE ADDRESS DES.UIC@KY.GOV OR BY FAX AT 502-564-3562. PLEASE INCLUDE SOCIAL SECURITY NUMBER OF CLAIMANT WHEN YOU APPEAL.* SPECIAL NOTE TO CLAIMANTS: If benefits are denied by this decision, and further appeal to the Unemployment Insurance Commission is initiated, you should continue to claim benefits as directed by the local office. If the Commission's decision is in your favor, you will only be paid benefits that are properly claimed and for which you are otherwise eligible. 787 KAR 1:230. Any party who failed to attend the scheduled hearing may, within seven days from the date thereof request rehearing which shall be granted upon a showing of good cause. (787 KAR 1:110 Section 4 (5)). TDS/20

## Wrongful Discharge in Kentucky: Pleading the Claim

Wrongful discharge occurs under Kentucky law where (1) the discharge is contrary to a fundamental and well-defined public policy, and (2) the policy is evidenced by constitutional or statutory provision. *Firestone Tire and Rubber Co. v. Meadows*, 666 S.W.2d 730 (Ky. 1983).

A year later, in **Grzyb,** the Court further advised that a wrongful discharge could arise where the discharge was motivated by (1) the employee's failure or refusal to violate the law in the course of employment, or (2) by the employee's exercise of a right conferred by statute.

**216B.165 Duty to report quality of care and safety problems -- Investigation and report -- Prohibition against retaliation.**

(1) Any agent or employee of a health care facility or service licensed under this chapter who knows or has reasonable cause to believe that the quality of care of a patient, patient safety, or the health care facility's or service's safety is in jeopardy shall make an oral or written report of the problem to the health care facility or service, and may make it to any appropriate private, public, state, or federal agency.

(2) Any individual in an administrative or supervisory capacity at the health care facility or service who receives a report under subsection (1) of this section shall investigate the problem, take appropriate action, and provide a response to the individual reporting the problem within seven (7) working days.

(3) No health care facility or service licensed under this chapter shall by policy, contract, procedure, or other formal or informal means subject to reprisal, or directly or indirectly use, or threaten to use, any authority or influence, in any manner whatsoever, which tends to discourage, restrain, suppress, dissuade, deter, prevent, interfere with, coerce, or discriminate against any agent or employee who in good faith reports, discloses, divulges, or otherwise brings to the attention of the health care facility or service the circumstances or facts to form the basis of a report under subsections (1) or (2) of this section. No health care facility or service shall require any agent or employee to give notice prior to making a report, disclosure, or divulgence under subsections (1) or (2) of this section.

(4) All reports, investigations, and action taken subject to this chapter shall be conducted in a manner that protects and maintains the confidentiality of patients and personnel and preserves the integrity of data, information, and medical records.

(5) All health care facilities and services licensed under this chapter shall, as a condition of licensure, abide by the terms of KRS 216B.155 and this section.

(6) No agent or employee of a health care facility or service shall file a report under subsection (1) or (2) of this section in bad faith and shall have a reasonable basis for filing a report.

**Effective:** July 15, 1998

**History:** Created 1998 Ky. Acts ch. 384, sec. 3, effective July 15, 1998.

<u>What supports a damages award in a wrongful termination or retaliation case? A long-term career cut short, prolonged unemployment and destructive impact on the fired employee's family life supported a jury verdict awarding $650,000 for emotional distress.</u>

A verdict awarding $650,000 for emotional distress damages and punitive damages against UPS was upheld by the Sixth Circuit in Fischer v. UPS. While noting that the fired employee had not sought or obtained any medical treatment, the court upheld the $650,000 damage award based on the following:

Plaintiff's termination ended a long career (18 years) and he testified that: 1) his firing was "horrible" and "depressing;" 2) he was unable to find any other employment for one year afterwards; 3) he ultimately found work in different industries which required him to live away from his family during the week; 4) his termination played a large part in his divorce; and 5) the divorce and separation due to his distant jobs strained his relationship wiht his minor children. Based on his testimony alone, Plaintiff is entitled to recover for "humiliation, embarrassment, disappointment, and other forms of mental anguish resulting from the discrimination."

Furthermore, the court noted the primacy of the jury in fixing and awarding damages: "this court has cautioned against attempts by appellate courts 'to reconcile widely varied past awards for analogous injuries which in the abbreviated appellate discussion of them seem somewhat similar.'"

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION NO.: _____
CA NO.: _____

MELISSA ASHLEY MOORE                                    PLAINTIFF

VS.

HIGHLANDS HOSPITAL CORPORATION;
CONSOLIDATED HEALTH SYSTEMS, INC.;
TERRESA O. BOOHER;
CATHIE J. KING;
and
JANE DOE                                               DEFENDANTS

---

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Comes now the Plaintiff, by and through counsel, and propounds the following Requests for Production of Documents upon the Defendants:

REQUEST NO. 1:     Please produce copies of all Occurrence Reports from the 4th Floor for the time period Plaintiff was employed at the Hospital. The forms are commonly referred to as Blue Forms by some nurses.

RESPONSE:

REQUEST NO. 2:     Please produce a complete copy of all the Plaintiff's personnel file, personnel records, electronic and paper.

RESPONSE:

1

REQUEST NO. 3:     Please produce a copy of any and all E-mails that mention Plaintiff, whether sent or received.

RESPONSE:

REQUEST NO. 4:     Please produce Staffing Sheets for 4th Floor for the time period Plaintiff was employed at the Hospital.

RESPONSE:

REQUEST NO. 5:     Please produce Assignment Sheets for 4th Floor for the time period Plaintiff was employed at the Hospital.

RESPONSE:

REQUEST NO. 6:     Please produce Work Sheets that have patients' names or number of patients for 4th Floor for the time period Plaintiff was employed at the Hospital.

RESPONSE:

REQUEST NO. 7:     Please produce Patient Census Records for 4th Floor for the time period Plaintiff was employed.

RESPONSE:

REQUEST NO. 8:     Please produce a copy of the Social Media Policy.

RESPONSE:

2

REQUEST NO. 9:     Please produce a copy of any document upon which you may rely in support of your responsive pleading.

RESPONSE:


REQUEST NO. 10:     Please produce a copy of any document which supports your denial of any fact in the Complaint.

RESPONSE:


REQUEST NO. 11:     Please produce a copy of any handwritten communications or complaints filed by Plaintiff and nurses on 4th Floor concerning patient safety, patient-to-nurse ratio, work load, and similar communications or complaints filed by Plaintiffs and nurses on 4th Floor.


Respectfully submitted,



BOBBY ROWE, ESQ.
1507 US Hwy 23 North
P.O. Box 1330
Prestonsburg, KY  41653
Phone: (606) 886-6876
Fax:  (606) 886-6738

EARL M. MCGUIRE, ESQ.
132 South Lake Drive, Suite 203
P.O. Box 1746
Prestonsburg, KY 41653
Phone and Fax:  (606) 886-2201
Co-Counsel for Plaintiff


3

COMMONWEALTH OF KENTUCKY
FLOYD CIRCUIT COURT
DIVISION NO.:  _____
CA NO.:  _____

MELISSA ASHLEY MOORE                                    PLAINTIFF

VS.

HIGHLANDS HOSPITAL CORPORATION;
CONSOLIDATED HEALTH SYSTEMS, INC.;
TERRESA O. BOOHER;
CATHIE J. KING;
and
JANE DOE                                              DEFENDANTS

---

INTERROGATORIES

---

Comes now the Plaintiff, by and through counsel, and propounds the

following Interrogatories upon the Defendant Highlands Hospital Corporation:

INTERROGATORY NO. 1:    If you deny any allegation of the Complaint,

state each and every fact upon which you rely and the name of the individual

with personal knowledge that could testify as to that fact.

ANSWER:

INTERROGATORY NO. 2:    Identify the name, address, phone number, and

occupation of every person you believe may have discoverable information.

ANSWER:

1

Respectfully submitted,

BOBBY ROWE, ESQ.
1507 US Hwy 23 North
P.O. Box 1330
Prestonsburg, KY 41653
Phone: (606) 886-6876
Fax: (606) 886-6738

EARL M. MCGUIRE, ESQ.
132 South Lake Drive, Suite 203
P.O. Box 1746
Prestonsburg, KY 41653
Phone and Fax: (606) 886-2201
Co-Counsel for Plaintiff